Haynes, J.
This case is prosecuted in this court for the purpose of reversing the judgment of the court of common pleas.
The petition in the court below, filed by Bostwick, sets up that he admits the recovery against him upon a cognovit note by the First National Bank of Norwalk, Ohio, and he avers that the note was executed by himself and another party, and that he was surety upon the note, and he seeks to have it set aside for several reasons, one of which is, he claims that there was never any copy of the note presented to the court at the time the judgment was taken; and secondly, there was never any copy of the judgment note filed with the clerk of the court.
Then the third defense set up is:
“That this defendant never did, alone, or jointly with the said Lyman, ever execute any warrant of attorney authorizing the said Rowley, or any other person, to confess the judgment aforesaid as the said defendant then well knew.
“This plaintiff further says that the said defendant,in obtaining the entry of said judgment, practiced fraud upon said court and this plaintiff, in this, to-wit: For that the said defendant well knew at the time it procured said judgment that ths plaintiff was surety merely upon the note sued on in said action, and that the said Lyman was principal debtor thereon, and that the plaintiff was not bound thereon, and never had been bound thereon, except as surety for said Lyman; that on the 25tb day of September, 1893, and after said note became due and payable by the terms thereof, this plaintiff served a written notice upon said defendant requiring it to commence an action against said Lyman on said note forthwith, as provided under section 5833, of the Revised Statutes of Ohio; that if the said defendant did not within a reasonable time after said notice, proceed in the ordinary course of law to recover judgment against said principal debtor for the money due on said note and to make by execution the amount, that this plaintiff relied upon said facts to exonerate him from liability upon said note; yet the *677 defendant, well knowing, as aforesaid, all said facts, concealed the same from the court, and obtained said judgment without a disclosure thereof.
“This plaintiff further says that there was,at the time said judgment was obtained, and is now, nothing due or payable upon said note from this plaintiff to the said defendant, and that this plaintiff had a full, ample and complete defense to said action, as said defendant then and there well knew, which defense is of the nature following; that is to say:”
Then he sets up that he served notice upon the bank to commence an action on said note forthwith against said principal debtor for the amount due on said note, or to make the amount thereof by execution against him, but that the bank failed to do it.
Subsequently the bank took judgment against Ryan and himself upon the note
The answer, in what is called the second defense, says that;
“The' defendant, for a second defense, says that said promissory note, upon which said judgment ivas rendered, was for the sum of one thousand dollars, and was made and delivered to the defendant in this state; that said Lyman,at the time of, and ever since the service of the notice in plaintiff’s petition alleged, was, and has been a non-resident of, and absent from this state, and a resident of the state of Illinois.”
There is an amended reply to that answer in which the plaintiff says:
“And further replying, the said plaintiff says that he admits the facts pleaded in the second defense of said answer, but says that at the time of making and delivering of the note mentioned in said defense, the said Lyman was, then and there, as defendant well knew, the principal debtor on said note, and was, as the defendant also well knew, a nonresident of said state of O.hio, and a resident of the state of Illinois, where he has ever since, and now, resides, and that said note was accepted by said defendant with full knowledge of all said facts. ” *678 commence an action and obtain judgment and endeavor to collect the money upon the note before it could have an action against the surety, or, upon its failure to do so, that the surety might be discharged.
*677 Upon motion of the defendant, judgment as rendered for the defendant bank upop the pleadings, thus refusing to open and allow them to come in and make a defense, and piactically confirming the former judgment.
The simple question raised here, and the real question raised on the issue is, whether or not, under the status of this case, the bank was compelled to proceed into the state of Illinois, or wherever it might find the principal judgment debtor, and
*678 The statute reads as follows, (Section 5833):
“A person bound as surety in a written instrument for the payment of money, or other valuable thing, may, if a right of action accrue thereon, require its creditor, by notice in writing, to commence an action on such instrument forthwith, against the principal debtor; and unless the creditor commence such action within a reasonable time thereafter, and proceed with due diligence, in the ordinary course of law, to recover judgment against the principal debtor for the money or other valuable thing due thereby, and to make, by execution, the amount thereof, the creditor, or the assignee of such instrument, so failing to comply with the requisition of such surety, shall thereby forfeit the right which he would otherwise have to demand and receive of such surety the amount due thereon.”
In the order of proceeding, the first question to be considered here is, whether there is sufficient cause for setting aside the judgment, or, rather, under the pleadings m this case, all questions resolve themselves into one If the defendant was not obliged to go to the state of Illinois and prosecute this claim against the plaintiff in this proceeding: that is to say, against Lyman: if it was net bound to go to Illinois and prosecute the claim against Lyman, the principal debtor, then, of course, there was no fraud — there could be no allegation of fraud in taking judgment upon the cognovit note.
It seems to us very clear that the true construction of this satute is, or must be, that a party is only bound to proceed in the courts of this state to obtain judgment and to prosecute his claim to iinal judgment.
We think the law is very well settled by the Supreme Court of Indiana which has a statute almost like this. That court held, for reasons that we think are cogent and conclusive, that the defendant was not bound to go to another state, or to follow the principal debtor out of the jurisdiction of the state of Indiana.
The decisions that are found in 48 Indiana, 260, and volume 54, page 290, are very full and very clear decisions upon the question, and state the law as clearly as we can state it. j&g
The judgment of the court of commonfpleas will be affirmed, and reasonable cause will be certifiedjfor[filing petition in error.